IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY HERMANNS-RAYMOND, #A6026839,<br><br>Plaintiff,<br><br>vs.<br><br>JERMAINE LEWIS,<br><br>Defendant. | CIVIL NO. 24-00286 LEK-RT<br><br>ORDER DISMISSING IN PART PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE |

Before the Court is pro se Plaintiff Rocky Hermanns-Raymond's Prisoner Civil Rights Complaint ("Complaint").[1]  ECF No. 1.  In the Complaint, Hermanns-Raymond alleges that Defendant Jermaine Lewis, a police officer with the Maui Police Department ("MPD"), used excessive force during an arrest on September 27, 2022.  *Id.* at PageID.7–PageID.8.  Hermanns-Raymond also alleges the common law torts of assault and battery claims based on Officer Lewis's actions.  Hermanns-Raymond names Officer Lewis in both his individual and official capacities.  *Id.* at PageID.1.  After screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court concludes that Hermanns-

---

[1] Rocky Hermans is currently incarcerated at the Halawa Correctional Facility.  See ECF No. 1 at PageID.1; see also VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A6026839," and select "Search") (last visited July 10, 2024).

Raymond's excessive force, assault, and battery claims against Officer Lewis in his individual capacity require a response. Hermanns-Raymond's claims against Officer Lewis in his official capacity are DISMISSED.

## I. **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

2

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[2]

At approximately 6:00 a.m. on the morning of September 27, 2022, Hermanns-Raymond was standing near an intersection in Wailuku when three MPD vehicles arrived. ECF No. 1 at PageID.7. An unspecified number of police officers exited the vehicles and began chasing Hermanns-Raymond. *Id.* Officer Lewis eventually caught up to Hermanns-Raymond, grabbed him by the collar, and punched him in the face. *Id.* At that point, Hermanns-Raymond surrendered, dropped to the ground, and said, "I'm not resisting." *Id.*

After handcuffing Hermanns-Raymond without incident, Officer Lewis began punching Hermanns-Raymond in the head and ribs. *Id.* Hermanns-

---

[2] Hermanns-Raymond's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Raymond did not resist, and he repeatedly yelled, "I'm not resisting." *Id.* Officer Lewis punched Hermanns-Raymond approximately eighteen or nineteen times. *Id.* Hermanns-Raymond was later taken to a hospital where X-rays revealed a broken nose and rib. *Id.*

Hermanns-Raymond commenced this lawsuit by signing the Complaint on June 21, 2024. ECF No. 1. On July 8, 2024, the Court granted Hermanns-Raymond's Application to Proceed In Forma Pauperis. *See* ECF Nos. 2, 3. In the Complaint, Hermanns-Raymond alleges that Officer Lewis used excessive force during the September 27, 2022 arrest. ECF No. 1 at PageID.4–PageID.8. He also alleges the common law torts of assault and battery. *Id.* Hermanns-Raymond seeks $650,000 in damages. *Id.* at PageID.6.

### III.  DISCUSSION

**A.  Legal Framework for Claims Under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed

by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B.     Official Capacity Claims**

Hermanns-Raymond names Officer Lewis in both his individual and official capacities. ECF No. 1 at PageID.1.

As the Supreme Court has explained, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). In other words, an "official capacity" claim against Officer Lewis is a claim against the entity that employs him.

In *Monell*, the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91. In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388

(1989).  A municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691.

Thus, a plaintiff can allege municipal liability under Section 1983 in any of three ways.  First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action.  *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").  In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it.  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013).  Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law.  *Monell*, 436 U.S. at 691 (internal quotation marks omitted).  Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants.  *City of Canton*, 489 U.S. at 388.  In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation.  *Id.* at 391; *Monell*, 436 U.S. at 694.

6

Hermanns-Raymond does not allege that Officer Lewis acted pursuant to a policy or a custom, or that the Maui Police Department failed to train Officer Lewis. Thus, Hermanns-Raymond fails to state an official-capacity claim. *See Finefeuiaki v. Maui Police Dep't*, Civ. No. 1:18-cv-00325 JAO-SC, 2018 WL 4839001, at *2–3 (D. Haw. Oct. 4, 2018) (dismissing claims against officers of the Maui Police Department in their official capacities). Any official capacity claims are DISMISSED.

**B.     Excessive Force**

In Count I, Hermanns-Raymond alleges that Officer Lewis used excessive force during the September 27, 2022 arrest. ECF No. 1 at PageID.4–PageID.8.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Supreme Court has held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395.

"The operative question in excessive force cases is whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *County of Los Angeles v. Mendez*, 581 U.S. 420, 427–28 (2017) (quotation marks and citation

omitted) (brackets in original).  "The reasonableness of the use of force is evaluated under an 'objective' inquiry that pays careful attention to the facts and circumstances of each particular case." *Id.* at 428 (quotation marks omitted). "Whether a use of force was reasonable will depend on the facts of the particular case, including, but not limited to, whether the suspect posed an immediate threat to anyone, whether the suspect resisted or attempted to evade arrest, and the severity of the crime at issue." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019).  In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.  "That inquiry is dispositive: When an officer carries out a seizure that is reasonable, taking into account all relevant circumstances, there is no valid excessive force claim." *Mendez*, 581 U.S. at 428.

Here, Hermanns-Raymond alleges that Officer Lewis repeatedly punched him in the head and ribs after he was in handcuffs, and even though he was not resisting.  ECF No. 1 at PageID.7.  As a result of these punches, Hermanns-Raymond suffered a broken nose and rib.  *Id.* at PageID.8.  Based on these allegations, Hermanns-Raymond states a plausible excessive force claim against Officer Lewis in his individual capacity that may proceed.  *See Stroeve v. Lowenthal*, Civ. No. 19-00191 DKW-KJM, 2019 WL 2062946. *3 (D. Haw. May

9, 2019) (concluding that excessive force claim against MPD officer could proceed where officer allegedly beat and suffocated the plaintiff during his arrest, while the plaintiff was handcuffed, kneeling on the ground, and not resisting).

**C.     Assault and Battery**

In Count II, Hermanns-Raymond alleges the common law torts of assault and battery based on Officer Lewis's actions. ECF No. 1 at PageID.5.

"A person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact." *Mukaida v. Hawaii*, 159 F. Supp. 2d 1211 (D. Haw. 2001) (citations omitted), *aff'd*, 85 F. App'x 631 (9th Cir. 2004). "A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs." *Id.* (citation omitted).

Liberally construed, the Complaint alleges colorable assault and battery claims against Officer Lewis in his individual capacity that may also proceed.

## IV. **CONCLUSION**

(1) Hermanns-Raymond's excessive force, assault, and battery claims against Officer Lewis in his individual capacity shall be served as directed below. Officer Lewis is required to file a response after service is effected.

(2) Hermanns-Raymond's remaining claims are DISMISSED for the reasons set forth above.  Dismissal of Hermanns-Raymond's claims against Officer Lewis in his official capacity does not foreclose Hermanns-Raymond from later filing an amended pleading, subject to the requirements of Federal Rule of Civil Procedure 15 and any applicable orders of this court.

## V.  SERVICE ORDER

(1) The Clerk is directed to send Hermanns-Raymond: two copies of the Complaint, ECF No. 1; one completed summons for Officer Lewis; one USM-285 form; two Notice of Lawsuit and Request for Waiver of Service of Summons forms (AO 398); two Waiver of Service of Summons forms (AO 399); and an instruction sheet.

(2) Hermanns-Raymond shall complete these forms for Officer Lewis, addressed to the Maui County Police Department Administrative Office at 55 Mahalani St., Wailuku, HI 96793, and return the forms to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(3) Upon receipt of the above-completed forms from Hermanns-Raymond, the U.S. Marshal shall mail to Officer Lewis: a copy of the Complaint, ECF No. 1; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two completed Waiver of Service of Summons forms (AO 399), without

payment of costs.  *See* Fed. R. Civ. P. 4(c)(3).  The U.S. Marshal shall retain a completed summons and a copy of the Complaint, ECF No. 1.

(4) Officer Lewis is directed to return the Waiver of Service forms to the U.S. Marshal, who will file the waiver with the Court.  If Officer Lewis does not return a Waiver of Service of Summons form within sixty days from the date that the forms are mailed, the U.S. Marshal shall personally serve Officer Lewis pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).  Within ten days after personal service is effected, the U.S. Marshal shall file the return of service for Officer Lewis, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons, the Complaint, and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

(5) Alternatively, if Hermanns-Raymond does not wish to use the services of the U.S. Marshal in effecting service of the Summons and Complaint, as outlined above, he may serve Officer Lewis on his own according to the procedures set forth in Fed. R. Civ. P. 4.  Hermanns-Raymond is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service

as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(6) Once served, Officer Lewis shall file a responsive pleading to the Complaint, ECF No. 1, within the time set forth in Federal Rule of Civil Procedure 12.

(7) After the Complaint, ECF No. 1, is served and Officer Lewis has filed an answer or responsive pleading, Plaintiff's documents will be deemed served when they are electronically filed by the court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.

(8) Hermanns-Raymond shall immediately notify the Court of any change of address.  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to timely file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(9) The Clerk shall also send a copy of this Order to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(10) Until the Complaint, ECF No. 1, is served and Officer Lewis or his attorney(s) file a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 16, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROCKY HERMANNS-RAYMOND VS. JERMAINE LEWIS; CV 24-00286 LEK-RT; ORDER DISMISSING IN PART PRISONER CIVIL RIGHTS COMPLAINT AND DIRECTING SERVICE**