UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY HERMANNS-RAYMOND,<br><br>        Plaintiff,<br><br>   vs.<br><br>JERMAINE LEWIS,<br><br>        Defendant. | CIV. NO. 24-00286 LEK-RT |

**ORDER DENYING DEFENDANT'S MOTION TO**
**DISMISS COMPLAINT FILED JULY 5, 2024 (DKT. 1)**

Before the Court is Defendant JaMaine Lewis's ("Lewis") Motion to Dismiss Complaint Filed July 5, 2024 (Dkt. 1) ("Motion"), filed on April 9, 2025.[1] [Dkt. no. 19.] Pro se Plaintiff Rocky Hermanns-Raymond ("Hermanns-Raymond") filed a "Motion in opposition to defendants [sic] motion to dismiss" ("Opposition") on July 21, 2025, and Lewis filed his reply on August 5, 2025. [Dkt. nos. 34, 35.] This matter is suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Lewis's Motion is denied for the reasons set forth below.

---

[1] Lewis states he has been incorrectly identified in this action as "Jermaine Lewis." See Motion at 1.

**BACKGROUND**

Hermanns-Raymond filed his Prisoner Civil Rights Complaint ("Complaint") on July 5, 2024. [Dkt. no. 1.] Hermanns-Raymond's claims arise from a September 27, 2022 arrest during which excessive force was allegedly used against him. See Complaint at PageID.7. Hermanns-Raymond alleges that Lewis is a police officer with the Maui Police Department ("MPD") and that Lewis was the arresting officer during the incident. See id. at PageID.1-2, ¶ A.3. Hermanns-Raymond alleges Lewis punched him numerous times, even though Hermanns-Raymond was not resisting arrest. According to Hermanns-Raymond, he suffered a broken nose and a broken rib as a result of Lewis's actions. See id. at PageID.7-8.

The Complaint names Lewis as a defendant in his individual capacity and his official capacity. [Id. at PageID.1, ¶ A.3.] Hermanns-Raymond alleges a claim under Title 42 United States Code Section 1983 for violation of his rights under the Eighth Amendment and the Fourteenth Amendment ("Count I"). See id. at PageID.1, ¶ A.1.a (invoking Section 1983 as the basis for jurisdiction); id. at PageID.4 (description of Count I). Hermanns-Raymond also asserts an assault and battery claim ("Count II"). [Id. at PageID.5.]

The Complaint does not allege that Lewis's actions against Hermanns-Raymond were taken pursuant to a policy or

custom or that MPD failed to adequately train Lewis. Hermanns-Raymond's claims against Lewis in his official capacity were therefore dismissed at the screening stage. See Order Dismissing in Part Prisoner Civil Rights Complaint and Directing Service, filed 7/16/24 (dkt. no. 4) ("7/16/24 Order"), at 7.[2] Hermanns-Raymond's claims against Lewis in his individual capacity were allowed to proceed. [Id. at 8-9.] The dismissal of the official capacity claims was without prejudice to the filing of an amended complaint that complied with Federal Rule of Civil Procedure 15 and the applicable court orders. See id. at 10. As of the date of this Order, Hermanns-Raymond has not filed a Rule 15 motion seeking leave to file an amended complaint.

In the instant Motion, Lewis argues that Count I should be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) because Count I is not based upon a cognizable legal theory. [Motion, Mem. in Supp. at 8-10.] Lewis also argues that the Complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because Hermanns-Raymond has failed to comply with multiple court orders and rules. [Id. at 11-12.]

---

[2] The 7/16/24 Order is also available at 2024 WL 3429416.

**DISCUSSION**

I.  **Judicial Notice**

Lewis requests judicial notice of the eleven exhibits submitted with the Motion. See generally Motion, Request for Judicial Notice ("RJN"). All of the exhibits are documents that were filed in prior civil actions brought by Hermanns-Raymond either in this district court or in state court. See RJN, Exhs. A-K.

Judicial notice is required if a party requests it and the party provides the necessary information to the court. See Fed. R. Evid. 201(c)(2). One type of fact that is subject to judicial notice is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(b)(2). Materials that are subject to judicial notice constitute one of the exceptions to the general rule that, when a district court considers a Rule 12(b)(6) motion to dismiss, the court cannot consider material beyond the complaint. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). A court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted). This Court therefore takes judicial notice of the exhibits filed with

Lewis's Motion, but this Court does not take judicial notice of any disputed facts within those exhibits.

## II. Failure to State a Claim

Lewis argues Count I should be dismissed for failure to state a claim upon which relief can be granted because Hermanns-Raymond attempts to assert an excessive force claim under the Eighth Amendment and the Fourteenth Amendment. [Motion, Mem. in Supp. at 8-9.] It is well settled that "[a] claim that a law enforcement officer used excessive force during a stop or arrest is 'analyzed under the Fourth Amendment.'" Barnes v. Felix, 145 S. Ct. 1353, 1357–58 (2025) (quoting Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865 (1989), and citing Amdt. 4 (applying to "seizures" of "persons")).

Lewis effectively argues Hermanns-Raymond should be required to file an amended complaint to specify that he is pursuing Count I under the Fourth Amendment. This Court has already liberally construed Count I as asserting a Section 1983 claim alleging violation of Hermanns-Raymond's Fourth Amendment rights, and this Court concluded that Count I states a plausible claim against Lewis in his individual capacity. See 7/16/24 Order at 7-9; see also id. at 2 (noting that screening under Title 28 United States Code Sections 1915(e)(2) and 1915A(a) involves the same standard as the Rule 12(b)(6) plausibility standard (citing Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th

5

Cir. 2015) (per curiam); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))). The fact that a claim survives the screening process does not preclude the defendant from filing a Rule 12(b)(6) motion to dismiss. See, e.g., Hamilton v. Ables, No. 2:23-cv-01342 DJC SCR P, 2025 WL 1706910, at *1 n.2 (E.D. Cal. June 18, 2025) (citing Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 119 (S.D. Cal. 2007)).[3] This is, in part, because the liberal construction of a pro se complaint during the screening process is "without the benefit of briefing from Defendants." Teahan, 481 F. Supp. 2d at 1120. In the instant case, however, Lewis's briefing in connection with the instant Motion does not convince this Court that Count I should be construed differently than Count I was construed in the 7/16/24 Order.

For the reasons stated in the 7/16/24 Order, this Court concludes that Hermanns-Raymond's claim in Count I against Lewis, in his individual capacity, states a plausible Fourth Amendment excessive force claim under Section 1983. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)). To the extent that the

---

[3] The magistrate judge's Order and Findings & Recommendation in Hamilton was adopted by the district judge. See 2025 WL 2391485 (Aug. 18, 2025).

6

Motion seeks the dismissal of Count I for failure to state a claim, the Motion is denied.

### III. **Failure to Comply with Court Orders**

In the alternative, Lewis seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 41(b). [Motion, Mem. in Supp. at 11-12.] Rule 41(b) states, in relevant part: "If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Lewis first points out that Hermanns-Raymond violated the 7/16/24 Order, which stated that Hermanns-Raymond was not to file motions or other documents until after the Complaint was served and Lewis entered an appearance. See Motion, Mem. in Supp. at 11; see also 7/16/24 Order at 12. Hermanns-Raymond filed the following documents before Lewis entered his appearance: a letter postmarked October 15, 2024 and a letter postmarked November 14, 2024, both of which described the conditions of Hermanns-Raymond's incarceration and how the conditions impaired his ability to litigate this case; [letter, filed 11/5/24 (dkt. no. 8); letter filed 11/27/24 (dkt. no. 11);] a letter dated December 9, 2024 requesting the appointment of counsel; [filed 12/11/24 (dkt. no. 12);] and a letter dated December 8, 2024 indicating that Hermanns-Raymond

intended to file an amended complaint, [filed 12/11/24 (dkt. no. 13)].

On November 13, 2024, an entering order was issued directing Hermanns-Raymond to either explain in writing whether and when he completed the forms necessary for the United States Marshals Service ("USMS") to serve the Complaint or submit documentation that he served the Complaint on Lewis without the assistance of USMS ("11/13/24 EO"). [Dkt. no. 9.] Hermanns-Raymond filed a response to the 11/13/24 EO on November 25, 2024 ("11/25/24 Response"). [Dkt. no. 10.] Lewis argues Hermanns-Raymond violated the 11/13/24 EO because the 11/25/24 Response did not specify when Hermanns-Raymond provided the necessary forms to USMS. [Motion, Mem. in Supp. at 11.]

Lewis also argues that, in multiple places in the Complaint, Hermanns-Raymond failed to follow the instructions on the form that Hermanns-Raymond used to prepare the Complaint. See id. In addition, Lewis contends this Court should consider Hermanns-Raymond's failure to complete service in his state court cases because they "show continuing failure to abide by rules and directives." See id. at 5 n.5.

The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

>    the other party; (4) the public policy favoring
>    the disposition of cases on their merits; and
>    (5) the availability of less drastic sanctions.

Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (citation and internal quotation marks omitted).

First, this Court declines to consider Hermanns-Raymond's actions or omissions in prior cases. The events of those cases are not relevant to the issue of whether a Rule 41(b) dismissal is warranted under the circumstances of the instant case.

Although more than a year has passed since the 7/16/24 Order directed that the Complaint be served on Lewis, only portions of that period are attributable to Hermanns-Raymond. This case could not proceed while USMS was attempting to serve the Complaint, nor while the referral of this case to the Civil Pro Bono Panel was pending.[4] Further, although the four letters listed above violated the direction in the 7/16/24 Order that Hermanns-Raymond was not to file motions or other documents until Lewis was served and entered an appearance, the letters were reasonable attempts to address the circumstances of this case. In addition, although Hermanns-Raymond's 11/25/24 Response failed to address one of the issues raised in the 11/13/24 EO,

---

[4] The Order Referring Case to the Civil Pro Bono Panel was filed on April 10, 2025. [Dkt. no. 21.] An order withdrawing the referral was filed on June 6, 2025. [Dkt. no. 30.]

the response was timely and appears to have been a good faith effort to address the 11/13/24 EO. Under these circumstances, this Court finds that the first two Dreith factors are either inapplicable or weigh only slightly in favor of dismissal.

As to the third factor, this Court finds that, although Hermanns-Raymond failed to comply with some of the instructions on the complaint form, this did not create a risk of prejudice to Lewis. Lewis points out that the Complaint does not disclose all of Hermanns-Raymond's prior cases, and that the Complaint identifies multiple bases for Hermanns-Raymond's claims, in spite of the fact that the instructions direct the plaintiff to select one of the options as the basis for each claim. See Motion, Mem. in Supp. at 12; see also Complaint at PageID.3-5. However, Lewis was able to identify Hermanns-Raymond's other prior cases, and the 7/16/24 Order's construction of the Complaint will assist Lewis in preparing the answer to the claims in the Complaint. Because the Motion does not establish a risk of prejudice to Lewis, this Court finds that the third Dreith factor weighs against dismissal.

The public policy in favor of resolving cases on the merits clearly weighs against dismissal, and this Court finds that there are available sanctions that are less drastic than dismissal. Hermanns-Raymond is CAUTIONED that he must comply with all court orders and applicable court rules. Documents that

do not comply with the applicable court orders and rules may be stricken. Repeated submission of noncompliant documents may result in additional sanctions, such as, dismissal of the case.

Having considered all of the <u>Dreith</u> factors, this Court concludes that a Rule 41(b) dismissal is not warranted under the current circumstances of this case. To the extent that the Motion seeks dismissal of the Complaint pursuant to Rule 41(b), the Motion is denied.

## **CONCLUSION**

For the foregoing reasons, Lewis's Motion to Dismiss Complaint Filed July 5, 2024 (Dkt. 1), filed April 9, 2025, is HEREBY DENIED. Lewis is ORDERED to file an answer to Hermanns-Raymond's Prisoner Civil Rights Complaint, [filed 7/5/24 (dkt. no. 1),] as the Complaint is construed in and limited by the Order Dismissing in Part Prisoner Civil Rights Complaint and Directing Service, [filed 7/16/24 (dkt. no. 4)]. Lewis's answer must be filed by **September 26, 2025.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 12, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge